UNITED STATES of America, Plaintiff

v.

**Mohammed Zaki AMAWI, et al., Defendants.**

**Case No. 3:06CR719.**

United States District Court, N.D. Ohio, Western Division.

March 31, 2008.

David I. Miller, Jerome J. Teresinski, U.S. Department of Justice, Washington, DC, Gregg N. Sofer, Office of the U.S. Attorney, Austin, TX, Thomas E. Getz, Justin E. Herdman, Office of the U.S. Attorney, Cleveland, OH, for Plaintiff.

Amy B. Cleary, Dennis G. Terez, Jonathan P. Witmer–Rich, Timothy C. Ivey, Edward G. Bryan, Office of the Federal Public Defender, Alek H. El–Kamhawy, Raslan, El–Kamhawy & Pla, David L. Doughten, Cleveland, OH, Bradley F. Hubbell, John Czarnecki, Cooper & Walinski, Stephen D. Hartman, Kerger & Associates, Jeffrey J. Helmick, Helmick & Hoolahan, Toledo, OH, William W. Swor, Detroit, MI, Elias Muawad, Muawad & Muawad, Bloomfield Hills, MI, Charles M. Boss, Boss & Vitou, Maumee, OH, Mohammed Abdrabboh, Wyandotte, MI, for Defendants.

## ORDER

JAMES G. CARR, Chief Judge.

This is a criminal case in which three defendants are charged with, *inter alia,* conspiring to commit acts in furtherance of terrorism overseas. Trial will begin on April 1, 2008.

 The defendant Mazloum filed a motion requesting leave to reserve the right to give an opening statement at the close of the government's case. I granted that motion by marginal entry.

Pending is the government's motion for reconsideration of that decision. [Doc. 704]. The government seeks, in effect, to be heard on the question of whether to let one defendant reserve the right to give his opening, while the other two defendants, apparently, anticipate presenting an opening statement at the outset of the trial.

The government contends that both it and the defendants who will be presenting opening statements before any evidence is presented will be prejudiced if I allow Mazloum to wait until after the government has presented its case to give an opening statement.

I see no basis for the government's concerns about prejudice, either with regard to its own case or that of the co-defendants [one of whom—El Hindi—has filed a notice that he has no objection to Mazloum's request].

The only "prejudice" to the government is that it will not get the same peek into Mazloum's approach and strategy that it may gain from opening statements by Amawi and El Hindi. To the extent that

the government benefits from learning early on what those defendants intend to do is hardly a basis for it to complain that it's somehow prejudiced by Mazloum's decision not to show his cards before it is time for him to have to do so.

It has been my experience that defendants more often than not reserve opening until the close of the government's case. I have always viewed the choice to do so a matter entirely in the hands of the defendant's attorney. Nothing in the government's motion persuades me that I have been or am mistaken in that view.

Time has not permitted thorough research into the question, and cursory research has not uncovered a case similar to this in which the government's contentions are discussed.

█ On reflection, albeit unaided by the always useful assistance of pertinent precedent, I am persuaded that a defendant has the right to elect to postpone his opening statement until he sees what the government has presented. That right is grounded in the constitutional right to put the government to its proof. It is a corollary of the right to remain silent: every defendant can wait to speak or be heard until after the government has laid out its case.

█ Most importantly, allowing a defendant to wait preserves the absolute right for the defendant, through his attorney, literally to say nothing once the government's case is in. There is no more eloquent or forceful assertion of that right than for counsel to say, and only say, "The defense rests."

To require defense counsel to speak before the government has presented its case would, moreover, lessen the burden placed on it to prove its case without any help from the defendant. This fundamental right would be undercut where, for example, the defense attorney, by having to speak before the government's case is in, thereby has to alert the government to weaknesses of which the government is, until then, unaware. *Cf. U.S. v. Saucer,* 2001 WL 1313716, *3 (N.M.Ct.Crim.App. Aug. 31, 2001) (unpublished decision).

█ The right to effective representation by counsel may also be implicated in the right to wait to present an opening statement. This is particularly so where, as is more often than not the case, counsel is uncertain how best to respond to the government's case and charges until he or she knows just what proof has come in. Even where—as in this case—the defense knows a great deal through extensive pretrial discovery about what the government has at hand, that is not the same as knowing what the government has actually done [and been permitted by the court to do] with what it has. Apparently strong evidence may become weakened once it comes before the jury—that is, after all, the a main purpose of cross-examination. Apparently weak evidence may come to gain much more force than anticipated. The government may fail to introduce some of its evidence, or neglect to ask a pertinent question. The court may reform the case by sustaining objection—or, indeed, by overruling them.

All of which means that quite often [though not always] the defendant's attorney must wait to see what the government does before finally forming the defense.

Not permitting the defense attorney the opportunity to wait before projecting his defense would thus often impose an impossible burden on counsel. He or she can not speculate about what he or she can not foresee accurately. Even the most competent and best prepared defense counsel might well envision and project an anticipated defense that was proved to be well off the mark. This would, if nothing else, put counsel and client in a bad light before the jury.

I see no risk of prejudice to Amawi or El Hindi if they present opening statements before the government starts putting on evidence. Their attorneys have the right, just as Mazloum's counsel do, to decide what is likely to be the most effective way of responding to and seeking to overcome the government's charges and case. Any risk of prejudice to any defendant by letting some go early and another go later can readily be overcome by telling the jurors simply and plainly that that's a choice every defendant has the right to make independently, and they should draw no inference from the timing of any defendant's opening statement—which, of course, the jury will be made to understand is not evidence of anything.

I conclude, accordingly, the it is entirely proper and appropriate for Mazloum to wait to present his opening statement, and for me to allow him to do so.

It is, therefore,

ORDERED THAT the government's motion for reconsideration be, and the same hereby is denied.

So ordered.